

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

PD-0798-08

ANNE ELIZABETH MURPHY, Appellant

v.

THE STATE OF TEXAS

On Disrectionary Review of Case 01-07-00174-CR
of the First Court of Appeals
Harris County

*WOMACK, J., filed a dissenting opinion, in which MEYERS, PRICE, and HOLCOMB, JJ., joined.*

A statute, section 12.31(b) of the Penal Code, requires that the jury in a capital-murder trial such as this one "shall be informed … that a sentence of life imprisonment without parole is mandatory on conviction of the capital felony." The trial court refused to obey the statute.

The Court says the error was harmless because the "appellant has failed to show that she was deprived of a jury that was composed of legally qualified members. The failure to provide

information to which the jury panel was entitled by statute did not affect the legal qualifications of any of the venire members." *Supra*, at 9.

The Court does not explain why it thinks the statute is limited to discovering the legal qualifications of the venire members.

I should think that the statute might well be intended to let the jury know that the consequence of a guilty verdict would be a punishment more severe than any other than death. This is information the legislature and the governor wanted the jury to have, and which the trial court had no authority to deny.

I respectfully dissent.


Delivered October 21, 2009.
Do not publish.